MERRIMAN S. SMITH, Judge.
Claimant seeks a tax refund covered by U. S. Government tax exemption certificates for purchases made by the U. S. *61 Post Office department at Bluefield, Mercer county, West Virginia, during the months of September 1946 to September 1948 inclusive, in the amount of $308.12, which refund was refused by the state tax commissioner because the applications were not made within the sixty-day period from the respective dates of sale or delivery as provided for under code 1943, 11-14-20.
In the case of State v. Penn Oak Oil & Gas, Inc., 128 W. Va. 212; 36 S. E. (2d) 595, point three of the syllabi is:
“The provisions of Code 11-14-19, as amended by Chapter 124, Acts of the Legislature, 1939, relating to a refund of the excise tax on gasoline, create the exclusive remedy which may be used to obtain such refund. Any refund provided for therein must be based on an application for the return of a tax theretofore paid.”
In the instant claim the dealer had ample notice of the statutory provisions which were printed on the back of each application sent out by the tax commissioner, and as stated in the syllabus, the court of claims is without prima facie jurisdiction, and the claim will not be placed on the trial docket for hearing.